**Francis TALLEY, an Incompetent, by Joseph P. CRONIN, Jr., his Guardian**

v.

**COMMERCIAL UNION INSURANCE COMPANY and The Travelers Insurance Company.**

**Civ. A. No. 83–0755.**

United States District Court, E.D. Pennsylvania.

July 3, 1984.

Richard S. Clarkson, Jr., Media, Pa., for plaintiff.

Louis E. Bricklin, Philadelphia, Pa., for Commercial Union Ins. Co.

Paul E. Holl, Lansdale, Pa., for Travelers Ins. Co.

## MEMORANDUM AND ORDER

KATZ, District Judge.

This is a declaratory judgment action to determine whether plaintiff's ward, Francis Talley, is entitled to basic loss benefits as defined under the Pennsylvania No-Fault Act, 40 Pa.S. §§ 1009.101 et seq. and if so, which of the two defendant insurance carriers is obligated to pay these benefits. The case was submitted for decision on stipulated facts.

The stipulated facts show that at the time of the accident on March 17, 1982, when Francis Talley's vehicle was struck by a train, Talley was domiciled in Pennsylvania. He was living in a house in Pennsylvania that he had purchased on June 25, 1980. He never owned any real estate in Delaware, and there is no substantial evidence that he intended to return to Delaware where he had lived prior to February 1979. As a Pennsylvania domiciliary who was injured in an automobile accident in Pennsylvania, Talley is entitled to recover no-fault benefits under the Pennsylvania, rather than the Delaware, No-Fault Act. *See* 40 Pa.S. § 1009.110(c)(1):

> The basic loss benefits available to any victim ... shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs.

Thus, the only real issue is whether Commercial Union or Travelers is required to pay these Pennsylvania no-fault benefits.

Commercial Union issued an auto insurance policy to Talley in November, 1976, when he was still living in Delaware. The policy was in effect at the time of the accident. If that policy provides coverage for basic loss benefits, as defined at 40 Pa.S. § 1009.202, then Commercial Union will be liable to Talley for payment of those benefits. See 40 Pa.S. § 1009.204(a)(2):

> The security for the payment of basic loss benefits applicable to an injury to an insured is the security under which the victim ... is insured.

If, however, the Commercial Union policy does not provide coverage for basic loss benefits as defined by the Pennsylvania no-fault scheme, then Travelers, as the assigned claims plan insurer, will be liable to Talley for payment of these benefits. *See* 40 Pa.S. § 1009.108(a)(1)(A):

> If this act is in effect on the date when the accident resulting in injury occurs, a victim ... may obtain basic benefits through the assigned claims plan ... if basic loss insurance is not applicable to the injury for a reason other than those specified in the provisions on ineligible claimants.[1]

---

1. ("Ineligible claimants" are converters and those who caused the injury intentionally; 40

Under Pennsylvania's no-fault law, if all other sources of insurance coverage fail, the security for the payment of basic loss benefits is the assigned claims plan. *See* 40 Pa.S. § 1009.204(a):

The security for the payment of basic loss benefits applicable to an injury to any other individual is the applicable assigned claims plan.

*See also United Farm Bureau Mutual Insurance v. U.S. Fid. & Guar.*, 501 Pa. 646, 462 A.2d 1300, 1303 (1983): "For individuals who do not possess insurance providing basic loss benefits, the No-Fault Act provides an Assigned Claims Plan." The defendant, Travelers, would be liable under the assigned claims plan as if it had issued a policy of basic loss insurance required by the Pennsylvania statute, if no other insurance covers that loss. 40 Pa.S. § 1009.-108(b) and § 1009.204.

The question of which insurance carrier is liable thus turns on the interpretation of the Commercial Union policy. If it is interpreted to provide basic loss benefits coverage, then Commercial Union must pay those benefits. If it is interpreted not to provide coverage for basic loss benefits, then Travelers must pay those benefits.

Talley's Commercial Union policy does provide no-fault coverage, but it is *Delaware* no-fault coverage, which is considerably more limited than the basic loss benefits available under Pennsylvania no-fault coverage.[2] Plaintiff argues that the policy contains an expansion clause that extends the no-fault coverage to the minimum required by Pennsylvania law where the accident occurs in Pennsylvania. Plaintiff cites a policy provision entitled "Out of State Coverage," which reads in pertinent part:

If an auto accident to which this policy applies occurs in any state or province other than the one in which your covered auto is principally garaged, we will inter-

pret your policy for that accident as follows: If the state or province has:

.    .    .    .    .

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

Plaintiff argues that this expansion clause gives Talley coverage for basic loss benefits under Pennsylvania No-Fault.

■ If read according to its plain meaning, this clause does not apply to Talley's situation since Talley's car was garaged in Pennsylvania at the time of the accident and the accident also occurred in Pennsylvania. The provision applies only to accidents occurring in any state "other than the one in which your covered auto is principally garaged."

Plaintiff argues that this clause is ambiguous. The phrase "is principally garaged" could be read to refer not to the place where the car is principally garaged when the accident happens, but rather to the place where the car was garaged at the time the policy was issued; or, it could be read to refer to the place where the car was garaged according the address listed in the policy. Talley never notified Commercial Union that he had moved to Pennsylvania nor was he under any obligation to do so. The policy listed his address as Wilmington, Delaware, and stated that the covered auto was garaged at his home address.

These readings suggested by plaintiff are strained. Once cannot fairly say that the language of the contract is ambiguous. The plain meaning of the phrase "state in which your covered auto is principally garaged" is the state where the covered auto is in fact principally garaged at the time of the accident. This reading of the plain meaning of the policy language is rein-

Pa.S. § 1009.208.)

**2.** Plaintiff suffered brain damage in the accident and has incurred medical expenses to date of

about $150,000. Delaware no-fault coverage for these expenses is limited to $10,000, which Commercial Union has paid.

forced by subsection 2 of the out-of-state coverage clause, which discusses Commercial Union's obligation when an accident occurs in a state requiring a *nonresident* to maintain insurance whenever the nonresident uses a vehicle in that state. The out-of-state coverage clause describes a situation in which the insured has an accident outside the state where he resides.

Since Talley was a resident of Pennsylvania, maintained and garaged his car there, and had an accident there, the terms of the Commercial Union "Out of State Coverage" clause do not apply to him.

■ Since the Commercial Union policy does not provide for payment of Pennsylvania No-Fault basic loss benefits, those benefits must be paid by the assigned claims plan carrier—in this case Travelers.[3] Since the benefit payments are overdue, plaintiff is entitled to interest under 40 Pa.S. § 1009.106(a)(2).

■ Plaintiff has sued for uninsured motorist benefits, in addition to no-fault benefits. Plaintiff relies on *Tubner v. State Farm Mutual Insurance Co.*, 496 Pa. 215, 436 A.2d 621 (1981), in which the court held that plaintiff was entitled to receive both basic loss benefits and uninsured motorist benefits from the assigned claims plan. That case involved fatal injuries to a passenger in an uninsured car; in our case, however, Mr. Talley was the owner and operator of the vehicle, he had insurance, and he collided with a train, so there was no uninsured motorist involved. Plaintiff is entitled only to basic loss benefits.

■ Plaintiff has also sued for attorneys fees under 40 Pa.S. § 1009.107. Since there was uncertainty as to which carrier was liable to Mr. Talley, Travelers's refusal to pay was not "without reasonable foundation" and thus plaintiff is not entitled to attorneys fees.

**3.** Travelers argues that Commercial Union should be estopped from denying coverage. Since Commercial Union does not require notice of an insured's change of address, people like Talley might buy insurance, move to Pennsylvania, operate the car here, and not have the insurance coverage required by Pennsylvania

Judgment will be entered in favor of plaintiff and defendant Commercial Union and against defendant Travelers Insurance Company.

law. To prevent this, Commercial Union should be forced to provide coverage. Travelers cites no authority for this position. This argument is without merit. The Stipulation contains no facts to support the contention that policyholders were misled by a misrepresentation of Commercial Union.